IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KERRY LYNN WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:12-cv-02936-STA-dkv |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255,
DIRECTING CLERK TO MODIFY DOCKET
AS TO PETITIONER'S ADDRESS,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On October 25, 2012, Petitioner/Defendant Kerry Lynn Williams, Bureau of Prisons inmate registration number 23685-076, an inmate at FCI–Beaumont (Low), in Beaumont, Texas, on that date, filed a motion pursuant to 28 U.S.C. § 2255.[1] (ECF No. 1.) On January 16, 2013, the Court directed the United States to respond to the motion. (ECF No. 2.) On May 10, 2013, the United States filed a response and an affidavit from Williams's attorney in the underlying criminal matter. (ECF No. 7.) Although Williams was granted an extension of time in which to file a reply to the Government's response (ECF No. 9), he has failed to do so. For the following reasons, this Court hereby **DENIES** Petitioner's § 2255 Petition.

I.     PROCEDURAL HISTORY

---

[1] Williams is currently an inmate at FMC – Lexington, 3301 Leestown Road, Lexington, Kentucky, 40511. The clerk is **DIRECTED** to update Williams's mailing address on the docket sheet.

On June 16, 2010, a Federal Grand Jury sitting in the Western District of Tennessee returned a multi-count indictment against Williams for violations of 18 U.S.C. § 2252(a)(1), 18 U.S.C. § 2252(a)(2), and 18 U.S.C. § 2252(a)(4)(B). *United States v. Williams*, No 2:10-cr-20236-STA (W.D. Tenn.) (ECF No. 1.) On April 28, 2011, Williams entered into a four page plea agreement with the United States. *Id.* (ECF No. 38.) In the plea agreement, Williams agreed to plead guilty to Counts 1 and 3 charging him with violations of the Sexual Exploitation of Minors Statutes, 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2252(a)(4)(B). *Id.* (ECF No. 38.)

On that same day, a change of plea hearing was held before this Court. *Id.* (ECF No. 39.) The Court accepted Williams's entry of a plea of guilty to Count 1 and Count 3. On October 18, 2011, the Court sentenced Williams to 200 months of imprisonment, which was a ten month variance below the guidelines. *Id.* (ECF No. 48.) The final judgment of conviction was entered on October 26, 2011. *Id.* (ECF No. 49.) Williams did not appeal his conviction or his sentence. Williams was represented in the criminal proceedings by Daniel J. Taylor.

Williams has now filed this motion pursuant to § 2255 alleging:

1. Counsel was ineffective for advising Williams to plead guilty on a forfeiture count that was not related to the crime.

2. Counsel was ineffective for failing to object to the five-point distribution enhancement.

3. Counsel was ineffective for failing to investigate the number of images knowingly possessed by Williams.

4. Counsel was ineffective for failing to investigate the forensic tools used by the FBI to download child pornography from Williams's computer.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[A] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate,

set aside, or correct the sentence." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). A motion brought under § 2255 must allege "one of the following three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). *See also Mallett v. United States,* 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States,* 323 F.3d 445, 454 (6th Cir. 2003). Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion, s*ee United States v. Grant*, 72 F.3d 503, 505-06 (6th Cir. 1996), and must be made on direct appeal or they are waived. *See Weinberger,* 268 F.3d at 351.

An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. App'x. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076, * 2 (E.D.Tenn. Oct.14, 2008). The petitioner bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under 28 U.S.C. § 2255, and a § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and, consequently, fails to state a viable claim cognizable under § 2255. *Ryals v. United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

In this case, the Court finds that Williams has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims and that an evidentiary hearing is not warranted. Williams has not established an error of constitutional magnitude which had a

substantial and injurious effect on his criminal proceedings because he has not presented sufficient facts showing that his Sixth Amendment right to effective assistance of counsel was violated. Nor has he established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

### III. ANALYSIS

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). At the plea hearing in this case, the Court conducted an exhaustive interrogation of Williams to ensure that he was guilty and that there was an adequate factual basis for the plea. The Court fully inquired into the validity of Williams's plea, including his voluntary and willing waiver of his rights, as required by Rule 11 of the Federal Rules of Criminal Procedure. The plea colloquy complied with Rule 11 in every respect. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (court's inquiry on § 2255 challenge to a guilty plea should focus on compliance with Rule 11). Williams cannot now attempt to contradict the statements he made during the plea hearing.

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In his plea agreement, Williams admitted that he was pleading guilty to the charges because he was in fact guilty. Williams acknowledged that he had been advised of and fully understood his rights. He understood the possible penalties, his right to a trial and his waiver thereof, and his waiver of the right to appeal his conviction. He also understood that the Court

4

would refer to the advisory Sentencing Guidelines. Plea Agreement (ECF No. 38.) Williams agreed that

> I can read and write, and I have read and discussed the terms of the foregoing plea agreement with my attorney, Daniel J. Taylor, and am satisfied with my attorney and his advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

*Id.*, p. 4.

Williams acknowledged that he had transported child pornography and possessed a computer that contained images depicting minors engaged in sexually explicit conduct, and in order to receive a reduction of his sentence, agreed with the following:

> I understand that Title 18, United States Code Section 3742 gives me the right to appeal the sentence imposed by the Court. I further understand that Title 28, United States Code, Section 2255 gives me an additional right to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is within the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating directly to this waiver of appellate rights or to its negotiation that also involve the involuntariness of my plea, prosecutorial misconduct, or ineffective assistance of counsel.

*Id.*

In complying with Rule 11, the Court engaged Williams in a colloquy, which included the following:

> The Court: Have you had the opportunity to discuss your case fully and completely with Taylor?
>
> Williams: Yes, sir.
>
> The Court: Has he been able to explain to your satisfaction what the facts of the case are, what the law would be that would apply to those facts and what your options are about whether to plead guilty or have a trial?
>
> Williams: Yes, sir.

>The Court: Are you satisfied with Taylor's representation of you in this matter?
>
>Williams: Yes, sir.
>
>………
>
>The Court: All right. Mr. Williams, you've heard the attorney general describe the charge contained in Count 1 and Count 3 of the indictment. Is that what you understood you were being charged with?
>
>Williams: Yes, sir.
>
>The Court: Again, did you have an opportunity to review those charges fully and completely with your attorney?
>
>Williams: I think so, yes.
>
>The Court: Any questions about whether you did or didn't?
>
>Williams: No.
>
>…..
>
>The Court: Now, I would assume, Mr. Williams, that Taylor has probably met with you – and I don't want you to tell me anything that he told you, but I assume that he probably tried to tell you as best he could what your range of punishment might be; is that correct?
>
>Williams: Yes, sir.
>
>The Court: Did you understand that as he went over it with you?
>
>Williams: Yes.

*Williams*, 2:10-cr-20236-STA (ECF No. 59, pp. 4-10.)

The Court then asked Williams if he had reviewed the plea agreement and fully understood its terms, and Williams stated that he did. Williams stated that he had had an opportunity to discuss the terms and conditions with his attorney prior to signing the agreement. *Id.* pp. 10-11. Williams was then questioned by the Court concerning whether his change of plea was knowing and voluntary. Williams acknowledged that he had signed the agreement "freely and

voluntarily," no one had made any threats to induce him to sign the agreement, and he "believed it was the best thing for [him] to do under all the circumstances of [his] case." *Id.* at p. 15. At no time during the guilty plea proceeding or the sentencing hearing did Williams allege any dissatisfaction with the sentence or his attorney.

Although Williams claims that his counsel was ineffective, the Sixth Circuit Court of Appeals held in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999), that "the trial court's proper plea colloquy cured any misunderstanding he may have had about the consequences of his guilty plea." *See also Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1985) (a "defendant's plea agreement consists of the terms revealed in open court"). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 2004) (pointing out that "[t]he purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing.").

The United States Supreme Court has held that:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The entrance of a "guilty plea means that all possible non-jurisdiction, pre-plea errors have been waived." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991)("[B]ecause a guilty plea bars any subsequent non-jurisdictional attack on the conviction, his failure to enter a conditional guilty plea prevents him

from raising his argument."); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000). The government has a fundamental interest in the finality of guilty pleas. *Hill*, 474 U.S. at 58.

<u>*Strickland v. Washington*</u>, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim. The defendant must show: (1) deficient performance by counsel and (2) prejudice to the defendant from the deficient performance. *Id.* at 687. To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

*Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." <u>*Lockhart v. Fretwell*</u>, 506 U.S. at 369. In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable. *Id.* at 371.

Williams does not challenge the validity of his guilty plea. Instead, he seeks "to be remanded back to [the] sentence court for correction of [his] sentence." Motion (ECF No. 1, p. 5.) It appears that Williams is attempting to use ineffective assistance of counsel as a vehicle to avoid the express language of the plea agreement that precludes him from directly challenging his sentence on appeal or by collateral attack ("I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is within the statutory maximum specified above. *Williams*, 2:10-cr-20236-STA (ECF No. 38, p. 3.)).

A criminal defendant may waive his right to directly appeal from a conviction and sentence imposed by way of plea agreement as long as the waiver is both knowingly and voluntarily made. *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002 (1995); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). A waiver ordinarily will be held to be knowing, intelligent, and voluntary if a criminal defendant fully understands the nature of the rights to be surrendered and how such waiver would generally apply, even though he may not know all of the specific consequences that flow therefrom. *United States v. Ruiz*, 536 U.S. 622, 629 (2002). To determine whether a waiver is knowing and voluntary, the Court will look to the totality of the circumstances surrounding such waiver. *Berry v. Mindzes*, 726 F.2d 1142, 1149 (6th Cir. 1984).

In this case, the record shows that Williams's decision to waive his right to direct appeal and collateral attack by entering into a plea agreement, was knowingly, intelligently, and voluntarily made. An examination of the above quoted language from both the plea agreement and the plea hearing shows that Williams was aware of the terms of the plea agreement and accepted those terms. This Court ensured at the hearing that the contents of the plea agreement had been fully explained to Williams and that he understood them. Williams agreed in open court that he understood them and had them explained to him by his attorney, whose services he then acknowledged were satisfactory to him. Nothing in the record suggests that Williams had any reservations about the agreement, its meaning, or its effect in limiting his right to attack his conviction and sentence.

A defendant who has agreed to waive any direct appeal or collateral attack to his sentence may not assert ineffective assistance of counsel as a means to get around the waiver provisions of his plea agreement with the Government.

9

> [E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.
>
> ….
>
> We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005).

Because Williams has failed to carry his burden to show by the totality of the circumstances that his plea of guilty and/or the plea agreement were unknowing, involuntary or unintelligent, he has waived his opportunity to bring the claims of his ineffective assistance of counsel as to his sentencing in a § 2255 motion to vacate.

## IV. MERITS REVIEW OF CLAIMS

In the alternative, the Court will examine the individual claims of Williams on their merits.

   1. Counsel was ineffective for advising Williams to plead guilty on a forfeiture count that was not related to the crime.

This claim, even if not waived, is without merit. The Government has submitted the affidavit of Daniel Taylor (ECF No. 7-1) which states that Taylor spoke with Williams at length regarding his case, including the forfeiture of items containing child pornography. Taylor stated that he requested the return of certain items from the Government, and the record shows that at the Sentencing Hearing the Government agreed to return any items that did not contain child pornography. Sentencing Transcript (ECF No. 60, pp. 57-58). In response to the Government's statement at the Sentencing Hearing that "materials that do not contain contraband child pornography have already been returned to Mr. Williams and his family" and that "those that

have child pornography on them" would be forfeited," Williams replied, "Right." *Id.* Following the sentencing hearing, Taylor made a number of phone calls to the investigating officers and Williams's family members regarding the return of the property pursuant to the agreement of the Government. (ECF No. 7-1.)

Williams has not refuted the statements in Taylor's affidavit, and the Court finds no deficiency in Taylor's actions regarding the forfeiture. Accordingly, Claim 1 is **DISMISSED**.

> 2. Counsel was ineffective for failing to object to the five-point distribution enhancement.

Williams's second claim is also without merit. Williams asserts that there is "well established circuit precedent that a peer to peer program carries a two-point enhancement as no distribution of child pornography is required in order to download child pornography." (ECF No. 1, pp. 3-7.) Williams cites *United States v. Darway*, 255 F. Appx. 68, 71-72 (6th Cir. 2007), in support of his argument. Williams's reliance on *Darway* is misplaced.

Darway received the two level enhancement pursuant to § 2G2.2(b)(3)(F) of the Guidelines, which reads: "If the offense involved . . . [d]istribution other than distribution described in (A) through (E) [for gain or to a minor], increase [the offense level] by 2 levels." Williams's sentence, however, was adjusted pursuant to Section § 2G2.2(b)(3)(B) which provides for a five-level enhancement "[i]f the offense involved ... [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain...."

The Guidelines' definition of "thing of value" is broad and extends to "anything of valuable consideration," and the expectation of the receipt of sexually explicit pictures is a "thing of value" for the purposes of § 2G2.2(b)(3)(B). *See, e.g., United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) ("That five—level enhancement applies to trading or attempted trading of child pornography—i.e., it applies where a defendant distributes child pornography because

he or she has received child pornography or expects to receive child pornography in return."). The expectation of the receipt of images is sufficient for the application of the five-level enhancement. Therefore, Taylor was not ineffective for failing to object to the Guideline calculations. Claim 2 is **DISMISSED**.

> 3. Counsel was ineffective for failing to investigate the number of images knowingly possessed by Williams.

In his affidavit, Taylor stated that as part of his investigation, he met with the investigating officers and personally reviewed and counted the 34,567 images possessed by Williams. Taylor also asserted that he reviewed the images to determine if they met the definition of child pornography and also reviewed the Sentencing Guidelines and case law concerning images. (ECF No. 7-1, p. 3.) Taylor further stated that he explained the results of his investigation to Williams several times. Williams has not refuted Taylor's statements, and Claim 3 is **DISMISSED**.

> 4. Counsel was ineffective for failing to investigate the forensic tools used by the FBI to download child pornography from Williams's computer.

Taylor stated in his affidavit that he researched the steps used by the officers to discover individuals downloading child pornography and specifically how they were able to trace the downloads to Williams. Taylor also viewed and discussed the forensic tools used with the investigating officers. Taylor then discussed the results of his investigation with Williams and explained the issues of file sharing and the distribution enhancement. (ECF No. 7-1, pp. 3-4). Williams has failed to demonstrate that Taylor acted below an objective standard of reasonableness, and Claim 4 is **DISMISSED**.

Because every issue presented by Williams has been dismissed, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

## V.     APPEAL ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted) (internal quotation marks omitted).  A COA does not require a showing that the appeal will succeed. *Id.* at 337.  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, Williams's claims are without merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ.  The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952.  Rule

24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons that the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is, therefore, **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Williams files a notice of appeal, he must also pay the full $505 appellate filing fee, 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days, Fed. R. App. P. 24(a)(4)-(5).

**IT IS SO ORDERED.**

s/ S. Thomas  Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 5, 2016.